**United States Bankruptcy Court**
**Eastern District of Arkansas**

| In re | **Jennifer Berry** | Case No. | **4:20-bk-10393** |
|---|---|---|---|
| | Debtor(s) | Chapter | **13** |

# Arkansas Chapter 13 Plan
(Local Form 13-1)

**Original Plan** ■    **Amended Plan** ☐    **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:    ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

■ **Original plan filed** *after* **the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Jennifer Berry**                                           Case No. **4:20-bk-10393**

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ■ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1    The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**1,505.00** per month to the trustee. The plan length is **60** months.
    The following provision will apply if completed:

    Plan payments will change to $__ per month beginning on __.

    Plan payments will change to $__ per month beginning on __.
        *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Payments shall be made from future income in the following manner:**

   Name of debtor  **Jennifer Berry**
   ■ Direct pay of entire plan payment or ____ (portion of payment) per month.


   ☐ Employer Withholding of $_____ per month

       Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
       If other, please specify:____
        Employer name:                    _____
        Address:                          _____
                                          _____
        Phone:                            _____


   Name of debtor

   ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

   ☐ Employer Withholding of $_____ per month.

       Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
       If other, please specify:____
        Employer name:                    _____
        Address:                          _____

Debtor(s) **Jennifer Berry**                                      Case No. **4:20-bk-10393**

Phone: _____

_____

### 2.3 Income tax refunds.

*Check one.*

■ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

_____

### 2.4 Additional payments.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

## Part 3: Treatment of Secured Claims

### 3.1 Adequate Protection Payments.
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| **Ally Financial** | **2013 Buick Regal 90,000 miles**<br>**dent in front right fender, service light on, needs new tires, cracked windshield** | **56.73** | ■ Preconfirmation<br>☐ Postconfirmation |
| **Santander Consumer USA 1000** | **2011 GMC 2500 180,00 miles** | **73.83** | ■ Preconfirmation<br>☐ Postconfirmation |

### 3.2 Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any

Debtor(s) **Jennifer Berry**                                                                 Case No. **4:20-bk-10393**

changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| Deutche Bank Natl Trust Co | 816 W. Ashley Street Benton, AR 72015 Saline County (Homestead) | 543.43 | ☐ Debtor(s)<br>■ Trustee | 16,000.00 | 266.67 | 0.00% |

**3.3**    **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*


**3.4**    **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.**

■ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each nongovernmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor(s) **Jennifer Berry**                                         Case No. **4:20-bk-10393**

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| **Ally Financial** | **2013 Buick Regal 90,000 miles dent in front right fender, service light on, needs new tires, cracked windshield** | **3/2014** | 24,412.12 | 12,025.00 | 5.00% | 226.93 | 12,387.12 |
| **Santander Consumer USA 1000** | **2011 GMC 2500 180,00 miles** | **10/2014** | 31,253.29 | 15,650.00 | 5.00% | 295.33 | 15,603.29 |

3.5     **Surrender of collateral.**

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6     **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

4.1     **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2     **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

4.3     **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

   Amount paid to attorney prior to filing:  $ **1,471.00**
   Amount to be paid by the Trustee:         $ **2,529.00**
   Total fee requested:                       $ **4,000.00**

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

   The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

4.4     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

■ Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units,

Debtor(s) **Jennifer Berry**                                             Case No. **4:20-bk-10393**

the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| Dept. of Finance & Admin. | Taxes | 100.00 |
| U.S. Treasury | Taxes | 100.00 |

4.5     **Domestic support obligations.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1     **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
■ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

5.2     **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3     **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

6.1     **Executory Contracts and Unexpired Leases.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2     **Sale of assets.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

6.3     **Claims not to be paid by the trustee.**

Debtor(s) **Jennifer Berry**   Case No. **4:20-bk-10393**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4** **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

■ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

■ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

■ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

**/s/ Marc Honey**   Date **February 6, 2020**
**Marc Honey 86091**
**Signature of Attorney for Debtor(s)**

**/s/ Jennifer Berry**   Date **February 6, 2020**
**Jennifer Berry**

Date _____

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan has been served by CM/ECF to Jack W. Gooding, Chapter 13 Standing Trustee; Charles W. Tucker, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on February 7, 2020:

| | |
|---|---|
| Department of Finance and Administration<br>Legal Division<br>P.O. Box 1272<br>Little Rock, AR 72203 | AR Department of Workforce Services<br>Legal Division<br>P.O. Box 2981<br>Little Rock, AR 72203 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | U.S. Attorney, Eastern District<br>P.O. Box 1229<br>Little Rock, AR 72202 |

And to all creditors whose names and addresses are set forth on the following creditor matrix.

The undersigned further certifies that a true and correct copy of the attached Chapter 13 Plan that requests a valuation determination pursuant to Section 3.4 was served by U.S. Mail, postage prepaid, to the following as noted:

| | |
|---|---|
| Jeffrey Brown, CEO<br>Ally Financial<br>Ally Detroit Center<br>Detroit, MI 48226<br>By U.S. Mail | Ally Bank<br>P.O. Box 130424<br>Roseville, MN 55113-0004 |
| Mahesh Aditya, CEO<br>Santander Consumer, USA<br>1601 Elm St. Ste. 800<br>Dallas, TX 75201-4701<br>By U.S. Mail | Santander Consumer, USA<br>P.O. Box 961245<br>Fort Wirth, TX 76161 |

                                                          Honey Law Firm, P.A.
                                                          P.O. Box 1254
                                                          Hot Springs, AR 71902
                                                          Tel:  501.321.1007
                                                          Fax:  501.321.1255
                                                          mhoney@honeylawfirm.com

                                                          */s/Marc Honey*
                                                          Marc Honey (86091)

```
Access Credit Management
P.O. Box 22267
Little Rock, AR 72221-2267


Ally Financial
200 Renaissance Ctr
Detroit, MI 48243


Alva Brown
915 Montclair Street
Benton, AR 72015


Arkansas Bone & Joint
PO Box 3250
Benton, AR 72018


Arkansas Health Grp Anesthesia
11001 Executive Center Dr.
Ste., 200
Little Rock, AR 72211


Ashley Funding Services
c/o Resurgent Capital Serv
PO Box 10587
Greenville, SC 29603


AWA Collections
1045 W Katella Avenue
Orange, CA 92867


Baptist Health
PO Box 25748
Little Rock, AR 72221-5748


Baptist Health Center
P.O. Box 841263
Dallas, TX 75284-1256


Cannon Finance
1425B Airport Road
Hot Springs National, AR 71913


Collection Services
1501 N. University
Little Rock, AR 72217
```

```
Convergent Outsourcing
P.O. Box 9004
Renton, WA 98057-9004


Credit Bureau of Louisiana
PO Box 1107
Shreveport, LA 71163


Danny Wilmoth
1709 Kelloms Road
Benton, AR 72015


Dept. of Finance & Admin.
Revenue Legal Counsel Rm. 2380
PO Box 1272
Little Rock, AR 72203


Deutche Bank Natl Trust Co
C/O Select Portfolio Services
PO Box 65450
Salt Lake City, UT 84165


Direct TV
P.O. Box 78626
Phoenix, AZ 85062


EOS CCA
700 Longwater Drive
Norwell, MA 02061


Farmers Bank and Trust
PO Box 250
Magnolia, AR 71754


First Collection Serv
10925 Otter Creek E
Mabelvale, AR 72103


Hurricane Creek Federal Credit
1114 Ferguson Drive
Benton, AR 72015


John Gibson Auto Sales
1425 Airport Road
Hot Springs National Park, AR 71913
```

```
LVNV Funding LLC
c/o Resurgent Capital
PO Box 10587
Greenville, SC 29603


Medical Data Systems
2001 9th Ave., Suite312
Vero Beach, FL 32960


Mid-South Adjustment
123 West 2nd St
Pine Bluff, AR 71601


Mid-South Adjustment
200 E 11th Ave., Ste. K
Pine Bluff, AR 71601


Mid-South Adjustment
Attn: Bankruptcy
200 E 11th Ave. Suite K
Pine Bluff, AR 71601


Midland Funding
2365 Northside Drive, Ste 300
San Diego, CA 92108


Palisades Collection
c/o Vativ Rec Solutions
PO Box 40728
Houston, TX 77240


Progressive Financial Services
Po Box 22083
Tempe, AZ 85285


Saline Health System
1 Medical Park Drive
Benton, AR 72015


Santander Consumer USA
PO Box 961245
Fort Worth, TX 76161
```

Southern Collection System
P.O. Box 25006
Little Rock, AR 72221-5006


Terry Berry
816 W. Ashley St.
Benton, AR 72015


Transworld Systems
2135 E Primrose
Suite Q
Springfield, MO 65804


TSI
500 Virginia Dr
Suite 514
Fort Washington, PA 19034


U.S. Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


US Department of Education
Claims Filing Unit
PO Box 8973
Madison, WI 53708-8973